UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| 1-800-411-I.P. HOLDINGS, LLC, a Florida limited liability company, REARDEN IP, INC., a Florida corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida corporation, | ) ) ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiffs, | ) ) ) | **TEMPORARY AND PERMANENT** |
| v. | ) ) ) | **INJUNCTIVE RELIEF SOUGHT** |
| THE EICHHOLZ LAW FIRM, P.C. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, 1-800-411-I.P. Holdings, LLC ("I.P. Holdings"), Rearden IP, Inc. ("Rearden"), and The Law Offices of Kanner & Pintaluga P.A. ("K&P"), by and through counsel, file this Complaint against Defendant The Eichholz Law Firm, P.C. ("Eichholz"), showing the Court as follows:

### I.   NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and dilution under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act ("UDPTA"), O.C.G.A. § 10-1-370 *et seq*., and False or Unfair Statements in Advertising under O.C.G.A. § 10-1-421.

## II.     THE PARTIES, JURISDICTION AND VENUE

2.     Plaintiff  I.P. Holdings is a Florida limited liability company with its principal place of business in Broward County, Florida.  I.P. Holdings is the owner of the federal trademark registrations identified in <u>Exhibits A through D</u> and certain common law trademark rights defined below, among others, which make up the "411-PAIN Marks" that give rise to this Complaint.

3.     Plaintiff Rearden is a Florida corporation with its principal place of business in Broward County, Florida.  Rearden is the exclusive worldwide licensee of all trademark rights at issue in this dispute, and retains the right to enforce the trademark rights at-issue and license those rights to third parties under approved terms.

4.     Plaintiff K&P is a Florida Professional Association with its principal place of business in Boca Raton, Florida.  K&P is the sub-licensee of the 411-PAIN Marks in the Georgia market and is conducting business in Georgia as a law firm using those trademarks.  K&P has suffered and continues to suffer significant injury from the infringement giving rise to this lawsuit through lost business in the Georgia market, among other things.

5.     Defendant Eichholz is a Georgia law firm that, on information and belief, conducts business throughout the State of Georgia.  According to Eichholz's website, it maintains offices in Atlanta, Madison, and Savannah.

6.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

7.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Eichholz resides in this district pursuant to §1391(c)(2) and significant damages accrued within the district arising out of Defendant's infringing and wrongful activities.

8.     The Court has personal jurisdiction over Eichholz as, among other things, Eichholz is a Georgia corporation with its principal place of business located within the State.  Eichholz, on information and belief, conducts a significant portion of its legal practice throughout the State of Georgia.

### III.    STATEMENT OF FACTS

### I.P. Holdings and its Famous Trademarks

9.     I.P. Holdings is the owner of U.S. Trademark Registration No. 2,621,497 dated September 17, 2002 for the incontestable trademark 411PAIN for advertising, medical information in the field of pain, and general health care services.  The registration is attached hereto as <u>Exhibit A</u>.  I.P. Holdings, itself and/or by and through its predecessors and licensees, has used the 411PAIN mark

exclusively in interstate commerce in the U.S. since at least as early as 1996 for, *inter alia*, advertising and providing medical information in the field of pain and general health care services.   The federally-registered trademark is deemed incontestable under 15 U.S.C. § 1065.  In addition, since at least as early as 1998, I.P. Holdings also has used the 411PAIN mark exclusively in interstate commerce in the U.S. for advertising legal services and since 2009 for advertising legal services in the State of Georgia.

10.   I.P. Holdings owns U.S. Trademark Registration No. 3,885,749 dated December 7, 2010 for the incontestable trademark 1-800-411-PAIN for, among other things, advertising attorney services, referrals to personal injury attorneys, providing insurance information for the injured, and providing medical health care services and information.  The registration is attached hereto as <u>Exhibit B</u>.  The registered trademark is deemed incontestable under 15 U.S.C. § 1065.  I.P. Holdings, itself and/or by and through its predecessors and licensee, has used the 1-800-411-PAIN mark exclusively in interstate commerce since at least as early as 1996 for numerous healthcare-related services including, *inter alia*: a) placing advertisements for those in the field of medical personal injury; b) providing attorney referrals to those who are injured in vehicular, slip and fall, work-related and recreational accidents; and c) providing medical, health care and therapeutic services, including physical therapy and rehabilitation, pain management, and

treatment for orthopedic injuries. In addition, within the States of Georgia, Florida, Minnesota, Kentucky, Massachusetts, Tennessee, New Mexico, Michigan, Alabama, South Carolina, Louisiana, and Missouri, among others, I.P. Holdings, itself and/or by and through is predecessors and licensee, has used the 1-800-411-PAIN mark to educate accident victims regarding their ability to receive legal and medical services and to advertise for and connect accident victims to legal and health care services.

11.    I.P. Holdings owns U.S. Trademark Registration No. 4,112,934 dated March 13, 2012 for the trademark "GET THE 411" for attorney referral services. The registration is attached hereto as Exhibit C.  I.P. Holdings, itself and/or by and through its predecessors and licensee, has used the "GET THE 411" mark exclusively in interstate commerce since at least as early as 2012 for attorney referral services.  I.P. Holdings also owns U.S. Trademark Registration 2,750,243 dated August 12, 2003, also for the trademark "GET THE 411" for advertising for pain diminution.  Within the States of Georgia, Florida, Minnesota, Kentucky, Massachusetts, Tennessee, New Mexico, Michigan, Alabama, South Carolina, Louisiana, and Missouri, among others, I.P. Holdings, itself and/or by and through is predecessors and licensee, has used the GET THE 411 mark to educate accident victims regarding their ability to receive legal and medical services and to advertise for and connect accident victims to legal and health care services.

12.     I.P. Holdings owns U.S. Trademark Registration No. 3,548,378 dated December 16, 2008 for the trademark "AFTER 911, CALL 411" for medical and related services.  The registration is attached hereto as <u>Exhibit D</u>.  The trademark is deemed incontestable under 15 U.S.C. § 1065.  I.P. Holdings, itself and/or by and through its predecessors and licensee, has used the mark "AFTER 911, CALL 411" exclusively in interstate commerce since at least as early as 2008 for medical services.     Within the States of Georgia, Florida, Minnesota, Kentucky, Massachusetts, Tennessee, New Mexico, Michigan, Alabama, South Carolina, Louisiana, and Missouri, among others, I.P. Holdings, itself and/or by and through is predecessors and licensee, has used the mark AFTER 911, CALL 411 to educate accident victims regarding their ability to receive legal and medical services and to advertise for and connect accident victims to legal and health care services.

13.     Since at least as early as, respectively, 1998 and 1999, I.P. Holdings, itself and/or by and through its predecessors and licensees, has owned and/or exclusively used in interstate commerce the domain names <u>411PAIN.com</u> and <u>1800411PAIN.com</u>.  Likewise, since at least as early as 2012, I.P. Holdings, itself and by and through its predecessors and/or licensees, has owned and used in interstate commerce the domain name <u>411PAINATLANTA.com</u>. The website located at the <u>411PAINATLANTA.com</u> domain is title "411 PAIN ATLANTA 1-

800-411-PAIN."   Those domain names incorporate and/or create an association with the 411-PAIN Marks.

14.    The forgoing federally-registered and common law trademark rights are referred to herein as the "411-PAIN Marks."

15.    The 411-PAIN Marks are strong, inherently distinctive trademarks because they require an effort of imagination by consumers in order for the marks to relate to legal services, legal referral services, medical referral services, health care services, medical information services, and general accident recovery information services, among others.

16.    Since its first use, I.P. Holdings, by and through its predecessors, licensees, and affiliates, has spent tens of millions of dollars advertising and promoting the 411-PAIN Marks, Domains and Toll Free Number on, *inter alia*, television, radio and billboards throughout Florida, Georgia and the United States. The 411-PAIN Marks appear ubiquitously on hundreds of billboards throughout Florida, Georgia, and the United States and the 411-PAIN Marks, Domains and Toll-Free Number have become extremely well-known and famous.

17.    As a result of the supervision and control exercised by I.P. Holdings over the nature and quality of the services offered in connection with the 411-PAIN Marks, and the extensive advertising, sale and public acceptance of the marks, these distinctive marks have acquired celebrity symbolizing the extensive

goodwill that I.P. Holdings has created throughout the United States. Therefore, the distinctive 411-PAIN Marks have acquired significant secondary meaning in the minds of the relevant public and have become famous.  In 2010, a federal judge sitting in the United States District Court for the Southern District of Florida declared the 411PAIN mark and associated marks "famous".  *See, e.g.,* Order of Preliminary Injunction in *Robert Lewin et al. v. Rafael Foss et al.*, Case No. 09-82448-CIV-RYSKAMP/VITUNAC (S.D. Fla. March 23, 2010).  Subsequently, the secondary meaning behind the 411PAIN mark was directly referenced in the hit 2011 song "Shake Señora" by the Grammy Award-winning recording artist "Pitbull", with the song charting at number 69 on the billboard top 100.  In the song, the artist crudely states that someone he injured "called 411Pain."

18.    Because of extensive advertising, the 411-PAIN Marks, Domains and Toll-Free Number have become associated exclusively with "411-PAIN" as the source of medical and legal services, including personal injury legal services in the State of Georgia and the substantial goodwill associated therewith.

19.    I.P. Holdings has successfully created a conscious connection in the public mind between its 411-PAIN Marks and legal services in the Georgia market provided by K&P and the public actually identifies the 411-PAIN Marks with those services in the Georgia market.

8

20.    In light of their fame and distinctiveness, the 411-PAIN Marks, Domains and Toll-Free Number have acquired substantial, if not incalculable, value to Plaintiffs.

21.    Unfortunately, the fame of the 411-PAIN Marks has also created a market for copycats and trademark infringers like Defendant Eichholz, which has attempted to unlawfully profit from the goodwill and name recognition associated with the 411-PAIN Marks.

**Eichholz's Infringing Activity**

22.    On or about June 26, 2017, K&P learned that Eichholz titled its website, www.caraccidenthelponline.com with the mark "**411 PAIN Atlanta** – Choose Great Legal Support." (Emphasis supplied). The mark appeared in connection with Eichholz's website through a google search as follows:

411 Pain Atlanta - Choose Great Legal Support
[Ad] www.caraccidenthelponline.com/Lawyer/Helpline ▾
Call Our 24 Hour Help Line. Get Compensation For The Pain And Suffering Today.
Types: Car Accidents, Personal Injury Claims, Truck Accidents, Auto Accidents, Workers Compensa...

23.    Additionally, Eichholz, on information and belief, purchased keywords in Google AdWords so that Eichholz's website bearing the mark "411 PAIN Atlanta" would appear when an individual searched for "411 PAIN" and variations thereof through Google AdWords.[1]

---

[1]    Google AdWords is a Google advertising service in which advertisers bid on certain keywords or search terms in order for the advertisers' "clickable" ads to appear in Google's search results.

24.     Consequently, I.P. Holdings sent a cease and desist letter to Eichholz and its agents on August 2, 2017 demanding that Eichholz cease and desist from its infringing activity, including the purchase of infringing keywords using Google AdWords and the use of "411 PAIN Atlanta" to promote its website.  Attached as Exhibit E is a copy of the cease and desist letter.

25.     Eichholz appears to have changed the name of its website and may have ceased from using keywords related to the 411-PAIN Marks to drive traffic to its website www.caraccidenthelponline.com.  However, on information and belief, after doing so, and after acknowledging receipt of I.P. Holdings' August 2, 2017 cease and desist letter, Eichholz re-commenced and intensified its infringing activities and related misconduct, as it published the website http://personalinjurylawsuitattorneys.com/ as reflected in the following google search for pain:



Are you in Pain? Call Now - Car Accident Lawyers  Norton
Ad  www.personalinjurylawsuitattorneys.com/
Get the 411 on receiving compensation for your injuries. Message or Call Now!
Qualified Attorneys · 100% Free Consultation · No Win No Fee · We're Only Paid If We Win
"The Eichholz Law Firm, P.C. has received 5 out of 5 stars" – BBB.org
Contact Us  Norton · Free Case Review  Norton · Card Accidents  Norton

The new Eichholz website (the "Infringing Website") bears certain 411-PAIN Marks.  Specifically, the new website incorporates the I.P. Holdings trademarks "411PAIN" and "GET THE 411" (referred to herein as "Infringing Designations") in several places, including the following statements:

10

1) **Get the 411** on your **411 Pain** or injuries.

2) Call us to **Get the 411** on your **Pain** or Injury Lawyer.

*See* <u>Exhibit F</u> for printout of screenshots of the Infringing Website (emphasis supplied).

26.     The Infringing Website does not identify the sponsoring law firm or attorney in violation of Georgia's advertising rules governing the Georgia Bar but does contain the phone numbers for Eichholz: 1-855-249-3258.[2]  Meanwhile, the website suggests or implies that the potential client is calling a referral service when, in fact, it is contacting Eichholz.  For example, the website states: "We'll connect you with a qualified personal injury attorney today.  Call us to Get the 411 on your Pain or Injury Lawyer."  That statement is false, either literally or by suggestion, as the contact information connects the potential client directly to attorneys at Eichholz.  Moreover, by including "Get the 411" next to a reference to Pain, Eichholz is intentionally intending to create an association between its website, the 411-PAIN Marks, and Plaintiffs.

27.     Eichholz's use of the Infringing Designations to market and promote its legal services in the Georgia market is likely to cause confusion, or to cause mistake, or to deceive consumers, and to dilute the distinctiveness of the infringed-upon 411-PAIN Marks.

---

[2]     Eichholz's failure to include basic information about its firm is its own ethical violation under Georgia's advertising laws governing lawyer advertising.

28.    Because of the close similarity, if a consumer saw Eichholz's Infringing Designations on its Infringing Website, in a google search, or elsewhere, the consumer would believe that the Infringing Designation and Infringing Website emanates from the same source as 411-PAIN Marks.

29.    Adding to the likelihood of confusion, Eichholz appears to offer identical or nearly identical services to those provided by K&P, as licensee of the 411-PAIN Marks in the Georgia market, and also to advertise, market and promote their services through the same channels of trade and in the same geographic markets as K&P as licensee of the 411-PAIN Marks in the Georgia market.

30.    Eichholz adopted, and is using, the Infringing Designation and Infringing Website in bad faith and with a willful and deliberate intent to infringe after receiving a cease and desist letter from I.P. Holdings.

31.    The 411-PAIN Marks have been in longstanding use in Georgia and elsewhere since at least as early as 2009, and, as stated above they have, for many years, appeared ubiquitously on billboards and in other advertising media throughout Georgia and the United States, such that Eichholz unquestionably was aware of, and is attempting to unfairly capitalize from, the fame, goodwill and reputation associated with the infringed-upon 411-PAIN Marks in its legal markets. On information and belief, Eichholz brought live or published the

12

Infringing Website after acknowledging receipt of I.P. Holdings cease and desist letter.

32.    Eichholz's unlawful infringement and dilution of the infringed-upon 411-PAIN Marks, which are famous marks, has caused, and will continue to cause, substantial damages, including irreparable harm to I.P. Holdings and its licensees' reputation and goodwill for which there is no adequate remedy at law.

33.    Plaintiffs have retained undersigned counsel and has agreed to pay its attorneys a reasonable fee to prosecute this action.  Plaintiffs are entitled to recover their attorneys' fees from Eichholz pursuant to applicable law, including 15 U.S.C. § 1117(a) and Georgia Law § 10-1-373.

34.    All conditions precedent to the bringing of this action have either been satisfied or have been waived by Defendants.

**COUNT I**
**Federal Trademark Infringement**
**(15 U.S.C. §§ 1114 – 1117; Lanham Act § 32)**

35.    Plaintiffs reallege paragraphs 1-34 as though set forth in full herein.

36.    This is an action on behalf of I.P. Holdings, as registrant of the above-referenced trademark registrations with the U.S. Patent and Trademark Office, for trademark infringement of the ***registered***, infringed-upon 411-PAIN Marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, in connection with Eichholz's unlawful use of the Infringing Designations within the Infringing Website.

37.     Eichholz, without I.P. Holdings' consent, is using in commerce a reproduction, copy, or colorable imitation of the registered, infringed-upon 411-PAIN Marks in connection with the sale, offering for sale, distribution, and advertising of its legal services and such use is likely to cause confusion, or to cause mistake, or to deceive.

38.     Eichholz, without I.P. Holdings' consent, is reproducing, copying or colorably imitating the registered 411-PAIN Marks and applying such reproduction, copy or colorable imitation to advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of legal services and such use is likely to cause confusion, or to cause mistake, or to deceive.

39.     Eichholz's infringing acts in violation of 15 U.S.C. § 1114 have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

40.     As a result of Eichholz's misconduct, I.P. Holdings has been damaged.

## COUNT II
## False Designation of Origin
## (15 U.S.C. § 1125(a); Lanham Act § 43(a))

41.     Plaintiffs reallege paragraphs 1-40 as though set forth in full herein.

42.     This is an action brought by all Plaintiffs for false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), in connection with Eichholz's unlawful use of the Infringing Designations on the Infringing Website.

43.     Eichholz, on or in connection with its services, uses in commerce a word, term, name, or symbol, or a combination thereof, or a false designation of origin, specifically the Infringing Designations on the Infringing Website, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Eichholz with K&P, as licensee of the infringed-upon 411-PAIN Marks, or as to the origin, sponsorship, or approval of Eichholz with I.P. Holdings and/or Rearden.  The use violates 15 U.S.C. § 1114.

44.     As a result of Eichholz's misconduct, Plaintiffs have been damaged.

## COUNT III
## Federal Dilution
## (15 U.S.C. § 1125(c); Lanham Act § 43(c))

45.     Plaintiffs reallege paragraphs 1-44 as though set forth in full herein.

46.     This is an action by I.P. Holdings for federal dilution of the 411-PAIN Marks under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c), in connection with Eichholz's unlawful use of the Infringing Designations in the Infringing Website.

47.    The 411-PAIN Marks are famous and distinctive, inherently and through acquired distinction. *See, e.g.,* Order of Preliminary Injunction in *Robert Lewin et al. v. Rafael Foss et al.*, Case No. 09-82448-CIV-RYSKAMP/VITUNAC (S.D. Fla. March 23, 2010).

48.    At a time after the 411-PAIN Marks had become famous, as previously established by Court Order, Eichholz commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of 411-PAIN's Marks in violation of 15 U.S.C. § 1125(c).

49.    With respect to the dilution by tarnishment, Eichholz's use of, or imitation of, the 411-PAIN Marks tarnishes the reputation of those marks because, among other things, Eichholz's former managing partner, Benjamin Eichholz, was disbarred after pleading guilty to obstruction of justice in federal court after a 77-count indictment charged him with embezzling more than $950,000 from two employee pension and retirement accounts, money laundering, and related charges. For these highly-publicized crimes, Benjamin Eichholz was sentenced to 21-months in prison. In and around Georgia, Benjamin Eichholz, the face of the Eichholz firm, became synonymous with these crimes. For example, the following are links to articles regarding Benjamin Eichholz, his firm, and his criminal prosecution and conviction:

i)      www.savannahnow.com/latest-news/2010-05-12/convicted-savannah-lawyer-benjamin-eichholz-begins-prison-sentence;

ii)     www.savannahnow.com/news-crime-courts/2010-03-30/eichholz-sentenced-21-month-prison-term-fined; and

iii)    www.bravotv.com/the-daily-dish/daniel-eichholz-father-benjamin-eichholz-prison-video.

The three articles are attached as Composite Exhibit G.

50.    With respect to the dilution by blurring, Eichholz's Infringing Designations and Infringing Website create an association with the infringed-upon 411-PAIN Marks and I.P. Holdings arising from the similarity between the Infringing Designations and Infringing Website and I.P. Holdings's famous trademarks that impairs the distinctiveness of the famous mark.

51.    As a result of Eichholz's misconduct, I.P. Holdings has been damaged.

## COUNT IV
### Trade Name Infringement and Violation of Georgia Deceptive Trade Practices Act
(O.C.G.A. § 10-1-370 *et seq.*)

52.    Plaintiffs reallege paragraphs 1-51 as though set forth in full herein.

53.    This claim is brought on behalf Plaintiffs.

54.    The Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. §§10-1-370 *et seq.* renders unlawful deceptive trade practices when a

person or entity causes confusion or misunderstanding as to the origin or affiliation of services, including legal services.

55.    Eichholz willfully engaged in deceptive trade practices and unfair advertising by adopting Infringing Designations on its Infringing Website which was, and is, likely to confuse, mislead and injure consumers as to the source of sponsorship, approval, certification, affiliation, connection, or association of legal services.

56.    As a direct and proximate result of Eichholz's deceptive trade practices and unfair advertising, consumers have suffered and will continue to suffer an injury or detriment.

57.    Eichholz has willfully engaged in the trade practice knowing it to be deceptive.

58.    As a direct and proximate result of Eichholz's deceptive and unfair advertising, Plaintiffs have suffered and will continue to suffer significant actual damages, as more specifically described below in the prayer for relief.

### COUNT V
### Violation of Georgia False Advertising Law
### (O.C.G.A. § 10-1-421)

59.    Plaintiffs reallege paragraphs 1-58 as though set forth in full herein.

60.    This claim is brought on behalf Plaintiffs.

61.     The Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. §§10-1-421 *et seq.*, renders unlawful false or fraudulent statements in advertising.

62.     Eichholz engaged in False or Fraudulent Statements in Advertising as defined by O.C.G.A. §§10-421.  Specifically, Eichholz published its Infringing Website that made it appear as though the consumer was contacting an independent third party for a case evaluation associated with Plaintiffs when, in fact, the consumer was contacting Eichholz.  Indeed, the website states: "We'll connect you with a qualified personal injury attorney today.  Call us to **Get the 411** on your **Pain** or Injury lawyer." (*see* Ex. F (emphasis supplied)).  That statement suggests the potential client is calling an independent referral service, not an actual attorney that works in the field of personal injury law.  Meanwhile, it is well - known that the 411-PAIN Marks are associated with legal referral services, among others.

63.     Eichholz willfully made and publicly disseminated advertisements, with the intent to induce the public to enter into an agreement with Eichholz to perform legal services.

64.     Eichholz disseminated, or caused to be disseminated, said advertisements using its Infringing Website to the public.

19

65.     Said advertisements contained statements of fact relating to proposed performance of services which were untrue and/or fraudulent.

66.     Eichholz's advertisements were misrepresentations of material fact that Eichholz knew, or in the exercise of reasonable care, should have known, would mislead the public into believing they were contacting I.P. Holdings and/or its licensee(s).

67.     As a direct and proximate result of Eichholz's violations of Georgia's False Advertising Law, Plaintiffs have suffered, and will continue to suffer, significant actual damages, as more specifically described below in the prayer for relief.

## COUNT VI
## Preliminary and Permanent Injunction

68.     Plaintiffs reallege paragraphs 1-58 as though set forth in full herein.

69.     Plaintiffs are entitled to an order of preliminary and permanent injunctive relief against Defendant, preventing Defendant from using any confusingly similar variation of "411" with "PAIN," alone or in combination with any other letters, words, letter strings, phrases, or designs in commerce or in connection with any business related to its legal practice or for any other purpose (including, but not limited to, on web sites and in domain names) and Defendant's further violations of law as set forth in this Complaint.

70.    Plaintiffs have suffered and will suffer imminent and irreparable injury arising from Defendant's violations of law.   Plaintiffs have no other adequate remedy at law, and any potential injury to Defendant as a result of injunctive relief is outweighed by injury caused by the current and ongoing wrongful actions of Defendant.

### COUNT VII
### Attorneys' Fees and Expenses of Litigation
### (O.C.G.A. § 13-6-11)

71.    Defendants have acted in bad faith with regard to the actions and circumstances giving rise to this action.  Defendants have been stubbornly litigious and have caused Plaintiffs undue burden and expense with regard to the claims asserted in the action.

72.    As a result, Plaintiffs are entitled to recover Plaintiffs' attorneys' fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11 from Defendant.

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court award the following relief:

(a)    Issue process and that the Defendants be served and required to appear as provided by law;

(b)    Adjudge that Eichholz has infringed the 411-PAIN Marks in violation of I.P. Holdings' federally-registered trademark rights under 15 U.S.C. § 1114;

(c)    Adjudge that Eichholz has competed unfairly with Plaintiffs in

violation of Plaintiffs' respective common law trademark rights under 15 U.S.C. §
1125(a);

(d)     Adjudge that Eichholz has diluted the 411-PAIN Marks by blurring
and by tarnishment in violation of I.P. Holdings' rights pursuant to 15 U.S.C. §
1125(c);

(e)     Adjudge that Eichholz has engaged in deceptive trade practices in
violation of O.C.G.A. §§10-1-370 *et seq.*;

(f)     Adjudge that Eichholz has engaged in false advertising in violation of
O.C.G.A. § 10-1-421 *et seq.*;

(g)     Adjudge that, as a direct and proximate result of Eichholz's infringing
activities, deceptive trade practices, and false advertising, specifically its marketing
campaign associated with the 411-PAIN Marks, Plaintiffs have suffered substantial
damage and are entitled to, among other things, actual and consequential damages,
including lost profits;

(h)     Adjudge that, pursuant to 15 U.S.C. § 1116, O.C.G.A. § 10-1-373,
and O.C.G.A. § 10-1-421,  Eichholz and each of its agents, employees, attorneys,
successors, assigns, affiliates, and joint venturers and any person(s) in active
concert or participation with it, and/or any person(s) acting for, with, by, through
or under it, be enjoined and restrained permanently from advertising, designing, or
promoting any goods that prominently display the 411-PAIN Marks or any other

22

confusingly similar approximation or colorable imitation of 411-PAIN Marks in connection with the promotion of its legal services or any related services or committing any other acts calculated to cause purchasers, advertisers, or the general public to believe that Eichholz's products or services, including but not limited to its legal services, are related to Plaintiffs' services or those of its licensees;

(i)     Order Eichholz, in accordance with 15 U.S.C. § 1118, to destroy all documents and materials, including stationary, letterhead, business forms, business cards, statements, invoices, signage, brochures, invoices, pamphlets, and any other advertising and marketing materials bearing the 411-PAIN Marks or variation thereof, if any;

(j)     Order that Eichholz file with the Court and serve upon Plaintiffs, within thirty (30) days after the service of the injunction upon Eichholz, a report in writing under oath setting forth in detail the manner and form in which Eichholz has complied with such injunction and judgment as may be entered pursuant to this Complaint;

(k)     Adjudge that K&P, or, to the extent appropriate, I.P. Holdings or Rearden, recover any profits that are attributable to Eichholz's illegal acts, and/or that the Court award to Plaintiffs (1) three times Eichholz's profits or (2) three

times any damages sustained by Plaintiffs, under 15 U.S.C. § 1117, plus prejudgment interest;

(l)     Order an accounting of and impose a constructive trust on all of Eichholz's funds and assets that arise out or obtained due to its wrongful activities adjudged above;

(m)     Adjudge that Plaintiffs be awarded their costs and disbursements incurred in connection with this action, including Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and O.C.G.A. § 10-1-373;

(n)     Adjudge that that Plaintiffs are entitled to Plaintiffs are entitled to recover Plaintiffs' attorneys' fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11 from Defendant; and

(o)     Such other relief as this Court deems is just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand trial by jury on all issues so triable as a matter of law

**Space Intentionally Left Blank—Signature of Counsel on Following Page**

This 2nd day of November, 2017.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC


/s/ P. Shane O'Neill
P. Shane O'Neill, Esq.
Georgia Bar No.: 297849
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia  30326
Telephone:  404-876-2700
Facsimile:   404-875-9433
soneill@wwhgd.com

Aaron M. Cohn, Esq.
(*Pro Hac Vice* to be filed)
Florida Bar No. 95552
KATZ BARRON
2699 S. Bayshore Dr., 7th Floor
Miami, FL 33133
Telephone:  (305) 856-2444
amc@katzbarron.com

Aaron P. Davis, Esq.
(Pro Hace Vice to be filed)
Florida Bar No.: 58463

DAVIS GOLDMAN, PLLC
1441 Brickell Avenue, Suite 1400
Miami, FL 33131
Telephone: (305) 800-6673
adavis@davisgoldman.com

*Attorneys for Plaintiffs*

<u>7.1D RULE CERTIFICATE OF TYPE, FORMAT AND FONT SIZE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

*/s/ P. Shane O'Neill*
P. Shane O'Neill, Esq.